[Cite as *Wolf v. Dept. of Transp,*, 2010-Ohio-6191.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MELANIE WOLF

     Plaintiff

     v.

DEPARTMENT OF TRANSPORTATION

     Defendant

     Case No. 2010-02600-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Melanie Wolf, filed this action against defendant, Department of Transportation (ODOT), contending her 2002 Dodge Neon was damaged as a proximate cause of negligence on the part of ODOT personnel in creating a hazardous roadway condition on Interstate 76 West in Medina County. Plaintiff related she was traveling west on Interstate 76 from Wadsworth, Ohio, when her automobile "hit something in the road" that she thought "was a clump of packed snow from the roads not being plowed very well." Plaintiff recalled the described incident occurred on Friday, January 8, 2010 at approximately 10:18 a.m. and she was traveling at a speed of approximately 60 mph at the time. Plaintiff further related she "did not see the object" her vehicle hit and continued onto her destination. According to plaintiff, her stepfather examined her 2002 Dodge Neon on January 10, 2010 and discovered "damage to my front bumper." Plaintiff filed this complaint requesting damage recovery in the amount of $500.00, her insurance coverage deductible for automotive repair. The filing fee was paid.

{¶ 2} Defendant denied liability in this matter based on the contention that no

ODOT personnel had any knowledge of debris on Interstate 76 prior to plaintiff's property damage occurrence. Defendant denied receiving any calls or complaints from any entity regarding "ice or other debris on I-76 at the time of plaintiff's incident." Defendant argued plaintiff failed to produce any evidence to establish the length of time the debris condition was on the roadway prior to her January 8, 2010 damage event. Defendant explained the location of the debris would correspond to "is at milepost 9.0 on I-76 in Medina County." Defendant suggested, "the debris existed in that location for only a relatively short amount of time before plaintiff's incident."

{¶ 3} Defendant contended plaintiff did not offer evidence to prove her property damage was attributable to conduct on the part of ODOT personnel. Defendant acknowledged ODOT crews conducted snow plowing activities on roads in Medina County throughout the day of January 8, 2010. Interstate 76 was included in the snow plowing activity on January 8, 2010. Defendant seemingly argued that if this court finds ODOT snow plowing created the damage-causing debris condition and proximately caused plaintiff's property damage, ODOT should be immune from liability. Defendant further argued snow plowing that results in hazardous conditions being deposited on the roadway "was necessary and reasonable for the safety of the traveling public and done in a manner consistent with normal standards." Defendant stated R.C. 5501.41[1] grants ODOT "the right to remove ice and snow from state highways and the authority to do whatever is necessary to conduct such removal activities." Defendant related, "assuming that a snowplow of Defendant did cause some snow to pack, Defendant contends that it is given statutory authority to do whatever is reasonable and necessary to remove snow." Contrary to defendant's argument concerning "whatever is reasonable and necessary," the court finds it is neither reasonable nor necessary to create a dangerous roadway hazard while in the course of performing snow removal activities. *Wertz v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2008-11656-AD, 2009-Ohio-6605.

---

[1] R.C. 5501.41 covering DOT's discretionary authority to remove snow and ice states:

"The director of transportation may remove snow and ice from state highways, purchase the necessary equipment including snow fences, employ the necessary labor, and make all contracts necessary to enable such removal. The director may remove snow and ice from the state highways within municipal corporations, but before doing so he must obtain the consent of the legislative authority of such municipal corporation. The board of county commissioners of county highways, and the board of township trustees on township roads, shall have the same authority to purchase equipment for the

**{¶ 4}** For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

**{¶ 5}** Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. Additionally, defendant has the duty to exercise reasonable care for the motoring public when conducting snow removal operations. *Andrews v. Ohio Department of Transportation* (1998), 97-07277-AD.

**{¶ 6}** Ordinarily in a claim involving roadway defects, plaintiff must prove either: 1) defendant had actual or constructive notice of the defective condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. There is no proof defendant had actual notice or constructive notice of any debris condition despite the fact ODOT crews were in the area on January 8, 2010.

**{¶ 7}** In order to prove a breach of the duty to maintain the highways, plaintiff

---

removal of and to remove snow and ice as the director has on the state highway system."

must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition. *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Evidence is inconclusive whether or not the damage-causing debris condition was originally created by defendant's personnel.

{¶ 8} "If any injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327.

{¶ 9} Plaintiff has not shown, by a preponderance of the evidence, that defendant failed to discharge a duty owed to her or that her property damage was proximately caused by defendant's negligence. Plaintiff failed to show that the damage-causing debris condition was connected to any conduct under the control of defendant, or that there was any negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD.

{¶ 10} Finally, plaintiff has not produced any evidence to infer defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage plaintiff may have suffered from the debris her vehicle struck.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MELANIE WOLF

    Plaintiff

    v.

DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-02600-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Melanie Wolf
1145 Townsview Place
Wooster, Ohio 44691

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street

Columbus, Ohio  43223

RDK/laa
7/15
Filed 8/17/10
Sent to S.C. reporter 12/10/10